Rajeev v. Garland

BIA
Golovnin, IJ
A216 183 965

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand twenty-four.

PRESENT:
> JON O. NEWMAN,
> JOSEPH F. BIANCO,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

RAJEEV RAJEEV,
> *Petitioner,*

v.                                                              **23-6022**
                                                                **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                    Suraj Raj Singh, Esq., Richmond Hill, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Dawn S. Conrad, Senior Litigation Counsel; Rachel P. Berman-Vaporis, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Rajeev Rajeev, a native and citizen of India, seeks review of a December 19, 2022, decision of the BIA affirming a July 9, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rajeev*, No. A 216 183 965 (B.I.A. Dec. 19, 2022), *aff'g* No. A 216 183 965 (Immig. Ct. N.Y. City July 9, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions as to the adverse credibility determination, without considering the IJ's alternative burden finding that the BIA did not affirm. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility

2

determinations, for substantial evidence, and we review questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's conclusion that Rajeev was

3

not credible as to his claim that he was beaten twice by members of the Bharatiya Janata Party ("BJP") because of his support for the rival Indian National Lok Dal party ("INLD").

The agency reasonably relied on omissions and nonresponsive testimony related to Rajeev's activities for the INLD. Rajeev testified for the first time on cross-examination that his activities as an INLD worker included recruiting "many" others to join the party through "many" informal conversations with small groups of young men at his temple or while hanging posters. The agency reasonably concluded that this was information that should have been included in the application because it was at least as significant as the activities that Rajeev chose to include, such as setting up chairs at events or serving beverages. *See Hong Fei Gao*, 891 F.3d at 78–79 ("[I]n assessing the probative value of the omission of certain facts, an IJ should consider whether those facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances."). Moreover, Rajeev initially was not responsive when asked when he began recruiting others for the INLD, and it took seven questions to elicit that he began recruiting at his temple a few weeks after joining the party in 2017. Rajeev argues here that this testimony resulted from confusing questioning—i.e.,

4

that counsel for the Department of Homeland Security ("DHS") repeatedly mischaracterized his informal recruitment activities as giving "speeches," when he denied having given speeches. But the record does not suggest that Rajeev was confused by this term, and the IJ is "in the best position to evaluate whether apparent problems in the . . . testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question." *Li Hua Lin v. U.S. Dep't of Just.*, 453 F.3d 99, 109 (2d Cir. 2006) (quotation marks omitted).

As the agency found, Rajeev's testimony was similarly confused and nonresponsive when he was asked about his attempt to file a police report against his assailants. In his written statement, Rajeev alleged that a police officer refused to take his complaint and "pushed [him and his father] out of the police station." Certified Administrative Record at 314. His hearing testimony repeated that he was "threatened and pushed," *id.* at 174, but he did not clearly and consistently respond to questions about what this meant. When pressed for clarification, he initially testified that no one touched them, and later that his father was touched and that he did not remember if he was also touched, and some of his testimony was not responsive. Rajeev argues here that he meant that they were compelled

5

to leave by threats, not by physical force, and that his testimony was a result of a misunderstanding about the meaning of the word "push." That argument is unavailing because he testified inconsistently when specifically asked about physical contact.

The agency also reasonably relied on Rajeev's failure to mention in his written statement or direct testimony that BJP members regularly called his family looking for him after he left India. He alleged for the first time on cross-examination that BJP supporters made threatening calls to his parents' house looking for him, beginning about a month after he arrived in the United States, and continuing every month or few weeks until the time of his hearing. The agency reasonably concluded that this information should have been included in his written statement and direct testimony because it would be a strong reason to believe that he could not safely return. *See Hong Fei Gao*, 891 F.3d at 78–79. DHS counsel directly asked Rajeev why he omitted these threats from his statement, and he was not responsive. Contrary to Rajeev's position, the IJ was not required to ask him about the omission again before relying on it. *Cf. Likai Gao v. Barr*, 968 F.3d 137, 146 (2d Cir. 2020) (agency properly relied on contradiction without soliciting an explanation because the contradiction was "clear" and the "burden of

6

explanation fell squarely on [the petitioner]"). Rajeev further argues that the IJ improperly speculated that his parents told him about the threats before he filed his statement. But he testified to regular contact with his parents, he did not proffer this explanation when the omission was called to his attention, and the agency is entitled to make reasonable inferences from the record. *See Siewe v. Gonzales*, 480 F.3d 160, 168–69 (2d Cir. 2007) (reasoning that, while the agency may not engage in "bald" speculation, "[t]he speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience").

Finally, the lack of corroboration further supports the agency's adverse credibility determination. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Rajeev does not challenge the IJ's rejection of late-filed documents intended to corroborate his specific allegations, and that issue has thus been abandoned. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure

7

to make legal or factual arguments constitutes abandonment." (quotation marks omitted)). The corroboration in the record is limited to country conditions evidence that does not rehabilitate Rajeev's credibility as to his alleged INLD activities and past harm.

In sum, given the omissions and non-responsive testimony, and the absence of corroboration, substantial evidence supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. Because Rajeev's asylum, withholding of removal, and CAT claims relied on the same facts, the adverse credibility determination was dispositive of all three forms of relief. *Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court

8